IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

CAPITOL RECORDS, INC., a Delaware          *
corporation; BMG MUSIC, a New York
general partnership; ATLANTIC RECORDING*
CORPORATION, a Delaware corporation;
ARISTA RECORDS LLC, a Delaware limited    *    CASE NO: 1:05CV596-B
liability company; ELEKTRA
ENTERTAINMENT GROUP INC., a               *
Delaware corporation; SONY BMG MUSIC
ENTERTAINMENT, a Delaware general         *
partnership; and UMG RECORDINGS, INC.,
a Delaware corporation,                   *

   PLAINTIFFS,                       *

               *

VS.                                       *

APRIL LEWIS,                              *

   DEFENDANT.                        *

## ANSWER

Comes now the Defendant in the above styled cause and for answer to Complaint says as follows:

1.  Paragraphs one (1) through three (3) are admitted.

2.  The Defendant is without knowledge as to the truth of paragraphs four (4), five (5), six (6), seven (7), eight (8), nine (9), and ten (10).

3.  Paragraph eleven is admitted.

4.  The Defendant is without knowledge as to the truth of paragraphs twelve (12) , thirteen (13), fourteen (14).

5.  Paragraph fifteen (15) is vehemently denied, the Defendant avers that she has never downloaded any recordings or "cds" and avers that she is without knowledge as to how the downloading of a recording is performed.

6.  The Defendant is without knowledge of paragraph sixteen (16).

7.     Paragraph seventeen (17) is vehemently denied, strict proof demanded.

8.     Paragraph eighteen (18) is denied, strict proof demanded.

9.     Paragraph nineteen (19) is denied, strict proof demanded.

10.    The remainder of the Complaint is denied, strict proof demanded.

## COUNTERCLAIM

Comes now the Defendant/ Counter Claimant, APRIL LEWIS, in the above style cause and avers as follows:

1.     That the Plaintiffs have entered suit against her without any justification whatsoever.

2.     The Defendant avers that she is even without knowledge as to the technique or the procedure of downloading a recording or CD.

3.     That the lawsuit against the Defendant is frivolous.

4.     The Defendant's name was published in the local newspaper known as The Dothan Eagle as having committed a tort. It is the Defendant's/Counter Claimant's belief that the article on the front page of The Dothan Eagle was provided to The Dothan Eagle by the attorneys for the Plaintiffs.

5.     That the Defendant should be awarded damages and sanctions to include attorney's fees, mental pain and suffering, and other damages.

### COUNT I

1.     The Defendant/Counter Claimant adopts the paragraphs immediately preceding Count I.

2.     The Plaintiff avers that the lawsuit is frivolous and that she should be awarded sanctions and other damages to include attorney's fees , mental pain and suffering and other damages against the Plaintiff for filing a frivolous lawsuit. Said damages should be in an amount to be set by this Honorable Court.

### COUNT II

1.     The Defendant/Counter Claimant adopts the paragraphs immediately preceding

Count II.

2.      The Counter Claimant claims of the Plaintiffs/Counter Defendants that the counter Defendants have caused her name to be published in the local newspaper and as a result she suffered embarrassment, humiliation, and other damages. Said damages should be in an amount to be set by this Honorable Court.

WHEREFORE, PREMISE CONSIDERED, the Defendant/Counter Claimant demands Judgement against the Plaintiffs for defamation in an amount to be set by the Court.

Respectfully submitted this the 25th day of July, 2005.

/s/ W. Terry Bullard
W.  TERRY BULLARD (BUL007)
Attorney for Defendant/Counter
Claimant
PO Box 398
Dothan, Alabama 36302
(334) 793-5665

## CERTIFICATE OF SERVICE

_____I hereby certify that I have served a copy of the foregoing upon the Honorable Leslie E. Williams and the Honorable Dorman Walker, Post Office Box 78 (36101), Montgomery, Alabama 36104,  by placing a copy of same in the U.S. Mail, properly addressed and postage prepaid, this the 25th day of July, 2005.

/s/ W. Terry Bullard
OF COUNSEL